PER CURIAM: *
Ignacio Hernandez appeals the sentence imposed following his guilty plea conviction to illegal reentry of a previously deported alien, arguing that his sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). Hernandez argues, for the purpose of preserving the issue for possible Supreme Court review, that his within-guidelines sentence should not be presumed reasonable because U.S.S.G. § 2L1.2 is not empirically based and thus is flawed under Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). He argues that his sentence is greater than necessary to meet the sentencing goals of § 3553(a) because the Sentencing Guidelines account for his prior conviction both to increase his offense level and to calculate his criminal history score. Hernandez further contends that the guidelines range overstated the seriousness of his offense because his conduct was not violent and that the guidelines range did not properly account for his personal history and characteristics, including his work history and his motive for reentering.
In reviewing a sentence, we “consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.” Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Hernandez did not raise in the district court his arguments that § 2L1.2 lacked empirical support, that his prior offense was “double counted” in calculating his advisory guidelines range, or that the guidelines range overstated the seriousness of his offense and did not properly account for his personal history and characteristics. We therefore review these arguments for plain error. See *914 United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir.), cert. denied, —— U.S. ——, 129 S.Ct. 328, 172 L.Ed.2d 236 (2008).
This court has rejected the argument that the presumption of reasonableness should not apply to within-guidelines sentences, when the guidelines range was calculated pursuant to § 2L1.2, an “allegedly non-empirically-grounded provision[] of the Guidelines.” United States v. Duarte, 569 F.3d 528, 529-31 (5th Cir.2009), cert. denied, — U.S. —, 130 S.Ct. 378, 175 L.Ed.2d 231 (2009); see also United States v. Mondragon-Santiago, 564 F.3d 357, 366-67 (5th Cir.2009), cert. denied, — U.S. —, 130 S.Ct. 192, 175 L.Ed.2d 120 (2009). Hernandez’s argument that his sentence is unreasonable because the guidelines range was greater than necessary to meet § 3553(a)’s goals as a result of “double counting” also is unavailing. See Duarte, 569 F.3d at 529-31.
Hernandez has not shown an abuse of discretion by the district court. See Gall, 128 S.Ct. at 596-97. Because Hernandez has not shown that his sentence is unreasonable, he has not shown error, plain or otherwise. The district court’s judgment is AFFIRMED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.